UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAUDELIO GARCIA-JIMENEZ,<br><br>                    Petitioner,<br><br>     v.<br><br>ICE, et al.,<br><br>                    Respondents. | Case No. C15-821-RSL-BAT<br><br>**REPORT AND RECOMMENDATON** |

## INTRODUCTION

Baudelio Garcia-Jimenez, proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by U.S. Immigration and Customs Enforcement ("ICE") and seeking either release from immigration detention or a bond hearing.[1] Dkt. 4.  Respondents have filed a motion to dismiss, arguing that the habeas petition should be denied because Mr. Garcia-Jimenez is lawfully detained pursuant to 8 U.S.C. § 1226(a) and has already received two individualized bond redetermination hearings before an Immigration Judge ("IJ").  Dkt. 11.  Mr. Garcia-Jimenez did not file a response.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that respondents' motion to dismiss be **GRANTED**, Mr. Garcia-

---

[1] Mr. Garcia-Jimenez has a second habeas petition pending. *See Garcia-Jimenez v. ICE Field Office Director*, No. 15-820-RSL-JPD (W.D. Wash.).

REPORT AND RECOMMENDATON- 1

Jimenez's habeas petition be **DENIED**, and this action be **DISMISSED** with prejudice.

## BACKGROUND

Mr. Garcia-Jimenez, a native and citizen of Mexico, entered the United States at or near San Ysidro, California, on an unknown date without being admitted or paroled. *See* Dkt. 12-1 at 3. In October 1989, his status was adjusted to that of Lawful Permanent Resident. *Id.* In October 2008, Mr. Garcia-Jimenez was convicted of "Lewd Acts with a Child under 14 Years" and was sentenced to eight years in prison. *Id.* at 3, 5-18.

ICE encountered Mr. Garcia-Jimenez in May 2014 at the California Substance Abuse Treatment Facility in Corcoran, California, and arranged for him to be transferred directly from state to ICE custody upon his release. *Id.* at 3. On or about July 14, 2014, Mr. Garcia-Jimenez was transferred to ICE custody. *See* Dkt. 12-1 at 19; Dtk. 12-2 at 3, 6. He was served with a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(A), a law relating to murder, rape, or sexual abuse of a minor, and § 1101(a)(43)(F), a crime of violence. Dkt. 12-2 at 1-4. ICE also made the initial custody determination to detain Mr. Garcia-Jimenez. *Id.* at 6.

Mr. Garcia-Jimenez requested a bond redetermination hearing before an IJ, and received such a hearing on August 26, 2014. *Id.* at 10, 12. The IJ denied bond, finding that Mr. Garcia-Jimenez presents a danger to the community and a flight risk. *Id.* at 12. Mr. Garcia-Jimenez did not appeal the adverse bond determination to the Board of Immigration Appeals ("BIA").

Mr. Garcia-Jimenez requested a second bond redetermination hearing, and received that hearing on September 26, 2014. *Id.* at 14; Dkt. 12-3 at 3. The IJ denied bond, finding that Mr. Garcia-Jimenez presented no new facts and that he remained a danger to the community based on his 2008 conviction. Dkt. 12-3 at 3. Again, Mr. Garcia-Jimenez did not appeal to the BIA.

Mr. Garcia-Jimenez is scheduled for a merits and bond hearing on August 31, 2015. Dkt. 13-1.

## DISCUSSION

Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of aliens, such as Mr. Garcia-Jimenez, who are in removal proceedings. 8 U.S.C. § 1226; *see also Demore v. Kim*, 538 U.S. 510, 530 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."). Section 1226(a) grants the Attorney General discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in § 1226(c), for whom detention is mandatory. 8 U.S.C. § 1226.

When an alien is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1. After the initial custody determination, the alien may request a bond redetermination by an IJ. *Id.* If the IJ denies bond, the alien may appeal to the BIA. 8 C.F.R. § 236.1. Once an IJ has made an initial bond redetermination, an alien's request for a subsequent bond redetermination must be made in writing and must show that the alien's circumstances have changed materially since the prior bond redetermination. 8 C.F.R. § 1003.19(e).

At the bond hearing, the burden is on the detainee to show to the satisfaction of the IJ that he warrants release on bond. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). In making a bond decision under § 1226(a), an IJ "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)

REPORT AND RECOMMENDATON- 3

(citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)).  An IJ may also consider any number of discretionary factors, including:  (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.  *Id.*

Because Mr. Garcia-Jimenez's removal proceedings are ongoing, his continued detention is governed by § 1226(a).  As required by the regulations, Mr. Garcia-Jimenez received a bond hearing before an IJ.  He also requested and received a second bond hearing where the IJ found no material change in his circumstances from his initial hearing and thus held him at no bond based on his felony conviction.  Mr. Garcia-Jimenez fails to establish any constitutional or legal error in his bond hearings.  To the extent he seeks to challenge the IJ's discretionary judgment, the Court is without jurisdiction to consider his claims.  *See* 8 U.S.C. § 1226(e); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, *see* § 1226(e)").  At this point in his removal proceedings, Mr. Garcia-Jimenez has received all of the benefits of due process to which he is entitled.  His habeas petition should be denied.

## CONCLUSION AND RIGHT TO OBJECT

For the foregoing reasons, the Court recommends that respondents' motion to dismiss,

Dkt. 11, be **GRANTED**; Mr. Garcia-Jimenez's habeas petition, Dkt. 4, be **DENIED**; and this action be **DISMISSED** with prejudice. A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **September 21, 2015.** The Clerk should note the matter for **September 21, 2015**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 31st day of August, 2015.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge